**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PAULLETO ROGERS,

    Plaintiff,

v.                                                        Case No. 15-10890

LORI VINSON,

    Defendant,
                                           /

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Paulleto Rogers initiated this action pro se against Defendant Lori Vinson. Contemperaneous to filing her complaint, Plaintiff submitted an application to proceed *in forma pauperis*. The court will grant Plaintiff's application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a)(1), and then dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2).

The Supreme Court has stated that § 1915 was "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 409 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* Thus, complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints

that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

To state a claim upon which relief may be granted, a plaintiff must show "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)); *Evans-Marshall v. Bd. of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005).  Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In this case, Plaintiff's Complaint fails to state a federal claim.  She complains generally that "Lori Vinson closed my inquiry regarding a civil rights issue," but she otherwise provides no facts or specify what type of claim she is pursuing.  "Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As is plainly evident, Plaintiff fails to (1) identify any cause of action, (2) allege any facts in support of a cause of action, or (3) provide sufficient notice of the nature of her claim to allow Defendant to

respond to the complaint.  The court must therefore dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2).  Accordingly,

    IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 2] is GRANTED.

    IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 42 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

                    S/Robert H. Cleland
                    ROBERT H. CLELAND
                    UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2015, by electronic and/or ordinary mail.

                    S/Lisa Wagner
                    Case Manager and Deputy Clerk
                    (313) 234-5522

C:\Users\teetsa\AppData\Local\Temp\notesDF63F8\15-10890.ROGERS.1915.Dismissal.wpd